IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| McCLENNON COOK, #638513, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1205-K |
| | ) | |
| THE BOARD OF PARDONS AND | ) | |
| PAROLE, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Baten ISF facility of the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) in Pampa, Texas. Defendants are Officer Allen and Sgt. Stower, employees of the Baten ISF. The court did not issued process in this case, pending preliminary screening.

Statement of Case: On June 17, 2008, Plaintiff voiced out loud a "Health and Safety Code violation regarding the service of food" while in the dining hall. In response to Plaintiff's report, the Kitchen Captain allegedly made a "verbal comment to Plaintiff." After Plaintiff sat down to eat his meal, Kitchen Officer Allen approached him and ordered him to "get out" of the

1

dining hall. (*Id.*). In response, Plaintiff requested a "Johnny sack." The complaint alleges that Kitchen Officer Allen became angry and threw "a liquid substance over the Plaintiff with the intent to cause harm or cause the Plaintiff to react with violence." (Amended Complaint (Amd. Compl.) at 4).

Relying on the racial imbalance between white officers and African American offenders, Plaintiff asserts that Officer Allen's conduct in throwing the liquid substance on him amounted to excessive use of force. Plaintiff further asserts that Sgt. Stower failed to follow procedures in investigating the incident. (*Id.*). He requests the court to conduct an investigation, sanction officers for racial misconduct and practices and for failing to follow administrative and investigative procedures. (*Id.* at 4). He also requests that African American officers be hired to enforce equal employment opportunity laws. (*Id.*).[1]

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

---

[1] Plaintiff's amended complaint filed on September 11, 2008, supercedes the original complaint (which was not filed on the court approved form) and abandons any claim against the Board of Pardons and Paroles. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).
In the "Addendum" filed on August 19, 2008, Plaintiff alleges for the first time that the Baten ISF unconstitutionally breached its "duties to afford indigent offenders with sanitizing body soap after . . . working assigned job duties prescribed by the administration." (*See* Doc. #9). This new, unexhausted claim arises from a separate issue that is factually unrelated to the June 17, 2008 incident. As a result, the court will not address it in this action.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1968-69 (2007).

On August 8, 2008, the magistrate judge issued a questionnaire inquiring about exhaustion of administrative remedies because it appeared from the face of the complaint that Plaintiff had not exhausted his administrative remedies before filing the complaint. Instead of answering the questionnaire, Plaintiff filed an amended complaint on September 11, 2008, attaching a copy of his step 1 and step 2 grievances, which TDCJ denied after he signed his Plaintiff's original complaint on September 5, 2008.[2]

42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is an affirmative defense which a prisoner is not required to plead or prove in

---

[2] Plaintiff's complaint is deemed to have been filed on the date on which he signed it and presumably placed it in the prison mail system. *See Cooper v. Brookshire*, 70 F.3d 377, 379-380 (5th Cir. 1995) (extending "mailbox rule" established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, at 270 (1988), to prisoner's *pro se* complaint filed under § 1983).

his complaint. *Jones v. Bock,* 549 U.S. 199, ___, 127 S. Ct. 910, 921 (2007). However, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *Carbe v. Lappin*, 492 F.3d 325, 327 -328 (5th Cir. 2007).

Plaintiff's own allegations in the original and amended complaints concede that he did not fully exhaust his administrative remedies prior to filing this action. As of the mailing of his original complaint, Plaintiff was waiting for a response to his step 1 grievance. TDCJ did not deny his step 2 grievance, submitted on July 28, 2008, until August 14, 2008, about one month after the filing of this action. Therefore, the court must conclude that Plaintiff did not fulfill the administrative exhaustion requirement *before* filing the complaint in this case.

The Fifth Circuit has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). The consensus among the circuit courts is that a prisoner may not fulfill the exhaustion requirement under § 1997e(a) by exhausting administrative remedies after the filing of the complaint in federal court, and that dismissal is mandatory if a prisoner fails to exhaust by the time the complaint is filed. *See, e.g., Johnson v. Jones,* 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that "the district court must look to the time

of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred") (citations omitted).

Even assuming proper exhaustion, the complaint should be dismissed as frivolous. Construing Plaintiff's liquid-substance assault as an excessive use of force claim, it has no arguable basis in law or fact. To allege an excessive force claim, a convicted prisoner must allege facts showing that the force was not applied "in a good faith effort to maintain or restore discipline," but rather was administered in a malicious and sadistic manner to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995 (1992); *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993). The above standard includes both an objective and a subjective component. Under the objective component, a court must determine whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302, 111 S. Ct. 2321 (1991)). Under the subjective component, the plaintiff must allege facts that show that the defendant acted "maliciously and sadistically to cause harm . . . ." *Id.* at 7.

The alleged throwing of a liquid substance on Plaintiff does not satisfy the objective component of an assault which was harmful enough to prove a constitutional violation. There is no indication that Cook suffered any physical harm whatsoever as a result of having a liquid thrown on his person.

Nor does Sgt. Stower's alleged failure to investigate properly, following the incident at issue, rise to a colorable constitutional violation. Insofar as Plaintiff seeks relief regarding an alleged violation of his due process rights, he has failed to identify a federally protected liberty interest in having the first assault investigated and resolved to his satisfaction. "[A] prisoner has

5

a liberty interest only in 'freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting *Sandin v. Conner,* 515 U.S. 472, 484, 115 S. Ct. 2293 (1995)).  Plaintiff does not have a federally protected liberty interest in having an investigation resolved to his liking.  As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from Sgt. Stower's alleged failure to investigate properly the first assault is indisputably devoid of merit.

Likewise any claim against the kitchen captain for verbal abuse and harassment (assuming he was properly named as a Defendant in the amended complaint) fails to raise a federal constitutional claim, even considering Plaintiff's race.  The Fifth Circuit has held that mere verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("As a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'" ).

Lastly, Plaintiff's requests for an investigation into racial practices, enforcement of equal opportunity laws, and sanctioning of officers, are not cognizable in this civil rights action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915A(b) and 1915(e)(2); 42 U.S.C. §§ 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of September, 2008.

                                               /s/ Wm. F. Sanderson, Jr.
                                               WM. F. SANDERSON, JR.
                                               UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.